NORRIS et al. v. VAN HANDEL et al.

No. 31874. Oct. 2, 1945.

Rehearing Denied Nov. 20, 1945.

*163 P. 2d 217.*

Arnold T. Fleig and Fred Sikes, both of Oklahoma City, for plaintiff in error.

Reynolds & Ridings, of Oklahoma City, and A. L. Morrison, of El Reno, for defendants in error.

BAYLESS, J. Ash Norris and Ivin Richardson, a copartnership, doing business as Norris and Richardson, and Bank of Union, a corporation, appealed to this court from a judgment of the district court of Canadian county in favor of Gertrude Van Handel, Rosella Riley, and Isabel Steenis. The defendants in error, who were plaintiffs below, filed an action in the district court of Canadian county to replevin certain street paving bonds in the possession of the bank and later Norris and Richardson, claiming an interest in said bonds, were permitted to intervene. The bank's position in this case was that of an escrow holder and there is no controversy between it and any of the other parties. The plaintiffs have attempted to have this appeal dismissed because of the presence of the bank here as an appealing party, on the theory that there is a diversity of interest between the plaintiffs in error which precludes their appealing by joint petition in error. The court has heretofore considered and denied this motion and sees nothing in the contention made in the brief on the merits to require a different conclusion on this point.

The plaintiffs first were owners jointly of the various bonds involved, but later divided the bonds among themselves so that they are now individually owners of separate bonds. In 1939 the plaintiffs entered into two different contracts with Norris and Richardson. The contracts were similar in form and contents but differed in detail. One contract covered a paving bond issued by the town of Seminole and this contract has been fully performed, and although testified about by all parties, is not involved herein. The other contract covered the paving bonds involved herein and was addressed to the bank and reads as follows:

"I am enclosing you the following described bonds or securities:

"Bond No. 22, Series No. 9, Hollis, Oklahoma, CPA No. 17 SCA.

"Bond No. 36, Series No. 11, Hollis, Oklahoma, Cp #13.

"Bond No. 5, Series No. 26, Hollis, Oklahoma, Cp #10.

"You are instructed to hold said bond or bonds with full right and authority hereby granted to Norris and Richardson to perform all matters and acts necessary in servicing and collection of same until I receive an amount equal to 40% of the total amount of the par value of said bond or bonds.

"When I have received the amount according to directions herein given on any of the above described bond or bonds, then you are authorized to deliver said bond or bonds to Norris and Richardson to become their property absolutely to deal with as they shall please, and I shall have no further interest therein. You are instructed, however, that if said Norris and Richardson have not performed any services in connection with the said bond or bonds within 6 months from date, then you are to return said bond or bonds to me.

"Very truly yours,
"Mrs. Gertrude M. Van Handel,
"Mrs. Isabelle M. Steenis,
"Mrs. Rosella Riley
"P. O. Address, 703 S. Walnut St.

"Norris and Richardson hereby accept terms of the above letter of instructions. Dated this 22nd day of March, 1939.

"Norris and Richardson,
"By: Ash Norris."

In 1943 the plaintiffs undertook to have these bonds returned to them, and when Norris and Richardson refused to permit the bank to return the bonds because of their contention that they had performed services and established an interest in the bonds in conformity with the provisions of the contract, the plaintiffs instituted the action in replevin. The action was tried to the court without a jury and judgment rendered in favor of the plaintiffs.

Norris and Richardson contend that the contracts made with the plaintiffs were entirely valid and had been performed as far as possible according to the terms and the court should have denied the plaintiffs' asserted right of replevin; and argue further that in any event they had performed services that entitled them to payment on a quantum meruit basis and some judgment should have been rendered in their favor.

The plaintiffs contend that the contentions offered by the defendants are not sufficiently comprehensive and detailed to merit the notice of this court. However, the plaintiffs take up various aspects of the argument made by the defendants and, in addition, present arguments relating to issues of fact and law that lead us to believe that these assignments are sufficiently broad to challenge the attention of the court.

The most serious objection to the defendants' contentions that is urged by plaintiffs involves the application of the rule that the judgment of a trial judge, who tries a case without a jury, has the same force and effect as the verdict of a jury and is conclusive if there is a conflict in the evidence and there is any evidence to support the judgment. In this case the trial judge heard considerable testimony of witnesses, and after taking the case under advisement found in favor of the plaintiffs. However, in arguing the matter here the plaintiffs do not undertake to point out conflicts between the evidence of the plaintiffs and defendants, and upon our examination of the record we are unable to find any conflicts in the evidence. Both parties admitted the execution of the contracts and the placing of the bonds in escrow. The plaintiffs testified simply that they had no knowledge that Norris and Richardson had "performed any services in connection with said bond or bonds within 6 months from date" of the contract. We observe that the plaintiffs did not testify that no services were performed, but simply that they had no knowledge of any services. On the part of the defendants, Norris and Richardson, there is abundant testimony concerning the things they did within six months and within the next two or three years thereafter looking toward the collection of these bonds. Included in these services, in addition to the collection and remittance on the Seminole bond, there was collected and deposited in the escrow bank the sum of $300 ap-

plicable to the bonds involved herein. In addition to this, they testified, and there is no denial, that they aided in the straightening out of records and procured the payment of some money into the treasury of the city of Hollis which should have been apportioned to the payment of some of these bonds and would have been paid had not a series of actions been filed in the federal court involving all of the delinquent bonds in these districts. It appears from the record that Norris and Richardson hired an attorney to represent their principal in this matter, the plaintiffs. The plaintiffs state in their brief:

"It is undisputed that amounts are available for the payment of Bond No. 5, Series 26, Hollis, and Bond No. 22, Series 9, Hollis, but it is possible that a sufficient amount may not be realized in District No. 11, Hollis, to pay Bond No. 36 in full."

From all of this evidence we must say that there was no conflict in the evidence which placed the trial court in a position to choose which line of testimony would be believed. In other words, the simple statement of the plaintiffs that they had no knowledge of anything done by Norris and Richardson is not, in our opinion, sufficient to raise a conflict in the evidence. This foregoing disposition of the matter just discussed, however, does not eliminate from consideration the point that the trial court may have disbelieved the defendants' testimony and refused them relief for that reason. It does not occur to us upon consideration of this record that the trial court so concluded. Too much of what the defendants testified to was supported and corroborated by uncontradictable facts, such as the collection and remittance on the Seminole bond and the records of the federal court and the city of Hollis. In addition to the foregoing it should be noted that the pleadings filed by Norris and Richardson tender equitable issues in the nature of an alternative plea for a lien upon the bonds, 2 C.J. 800, §§ 469 et seq., as security for the services performed. 3 C.J.S. 109, § 200, and the cases cited in the footnote are authority for the lien of an agent upon bonds put in his possession for collection, and further authority for the lack of right of the owner to replevin property from an agent upon which the agent has a lien until the lien is satisfied. Under our rules of procedure both legal and equitable issues can be tendered and tried in the same action. In addition to reviewing the record for the purpose of determining whether there is a conflict in the evidence on the legal issues and whether there is any evidence to support the judgment of the trial judge thereon, insofar as the equitable issues are concerned, we are required to review the record to determine whether the judgment of the trial court is supported by the evidence or clearly against the weight thereof. As indicated above, we think there is no conflict in the evidence on the legal issues and the judgment of the trial court on the equitable issues is clearly against the weight of the evidence thereof.

As stated above, the defendants, Norris and Richardson, urged that their contracts were valid and enforceable, and we observe that a great part of the cross-examination of the defendants' witnesses and much of the plaintiffs' brief are devoted to an effort to show that as a matter of law the contracts were invalid and uneforceable by the defendants because they infringed upon the rule against the practice of law by laymen. Norris and Richardson's evidence showed that their business was that of rendering lay service where practicable and employing legal aid where necessary, for the purpose of liquidating delinquent securities, and that they represented some several hundred owners of such securities, as well as rendering service to the Federal Deposit Insurance Savings & Loan Association on a per diem basis. The evidence in this case does not disclose that any act they did amounted to the practice of law, and the record further discloses that when litigation arose, brought by others than themselves, they employed an attorney to represent the

plaintiffs' interest. The cases cited by plaintiffs, Curry v. Dahlberg, 341 Mo. 897, 110 S.W. 2d 742, Rhode Island Bar Association v. A.S.A., 55 R.I. 122, 179 Atl. 139, and the other cases of similar import do not support the plaintiffs' contention. The wording of the contract does not expressly authorize Norris and Richardson to practice law. As said, it has not been shown they did. The argument that Norris and Richardson might have intended to practice law and that nothing in the contract forbade them doing so is not meritorious. In Anderson v. Reed, 133 Okla. 23, 270 P. 854, we held that only those contracts that are invalid on their faces or clearly tend against public policy are void, that a contract should receive such an interpretation as will make it lawful if such result is not clearly violative of the intent of the parties, and that one who asserts the invalidity of a contract has the burden of proof. The rules thus announced clearly apply in all aspects to this case.

If the trial court was of the view that because no final time limit was set for the performance of the services by Norris and Richardson the plaintiffs could recall the bonds after a reasonable time, nevertheless Norris and Richardson should not be left unrewarded for their services. Plaintiffs argue that the terms of the contract are unduly favorable to Norris and Richardson and consequently unfavorable to themselves. In this connection they do not allege or prove fraud or other misconduct in the execution of the contract that would justify relief from its terms. The record shows the state of delinquency of the bonds when they were placed in escrow, and the above quotation of plaintiffs' brief of their present prospects of payment indicate that over the period of time involved their status changed greatly for the better. To now let them withdraw the bonds from escrow and take the interest collected through Norris and Richardson's efforts without compensating Norris and Richardson, in the face of this contract and evidence, is not justified.

The judgment appealed from is reversed and the cause is remanded to the trial court for further proceedings.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.