600 A.2d 1243

THE NEW JERSEY AUTOMOBILE FULL INSURANCE UNDER-
WRITING ASSOCIATION, PLAINTIFF, v. INDEPENDENT
FIRE INSURANCE COMPANY, DEFENDANT.

Superior Court of New Jersey
Chancery Division Atlantic County

Decided October 21, 1991.

*Walter F. Gavigan* for Plaintiff (*Gruccio, Pepper, Giovinaz-zi & DeSanto, P.A.,* attorneys).

*Barbara E. Moyer* for Defendant (*Cozen and O'Connor,* attorneys).

GIBSON, P.J. Ch.

This is a declaratory judgment action in which plaintiff seeks to compel a non-resident insurance carrier to arbitrate personal injury claims generated by an in-state automobile accident involving its insured. *N.J.S.A.* 39:6A–9.1. Because Defendant claims that it has no contacts with New Jersey and does no business here, it challenges the court's jurisdiction and moves to dismiss. As reflected by the findings below, the motion will be denied.

## FACTUAL BACKGROUND

Plaintiff is the New Jersey Automobile Full Insurance Underwriting Association, a non-profit association created in accordance with *N.J.S.A.* 17:30E–1 *et seq.* In December of 1988 its insured was involved in an automobile accident with Teresa M. Asselta in Ventnor, New Jersey. Asselta is a Florida resident

and is insured by a Florida property and casualty insurer, Independent Fire Insurance Company (Independent). Independent is not licensed to do business in New Jersey, maintains no offices here, has no employees here, has not solicited business here and has never issued or delivered any contracts of insurance in this state.

Independent's policy covers Asselta for all accidents occurring during the policy period and within the policy territory. The policy territory includes New Jersey and is defined as the United States of America, its territories or possessions, Puerto Rico or Canada. Coverage includes the financial responsibility requirements for bodily injury or property damage to the extent necessary to comply with the laws of any state in which an automobile accident occurs. Since Asselta's vehicle was not principally garaged here, New Jersey law did not require personal protection or medical benefits. However, because plaintiff was required to pay those benefits to its insured and believes defendant's insured was responsible, it now seeks reimbursement through binding arbitration. *N.J.S.A.* 39:6A–9.1.[1]

### LEGAL CONCLUSIONS

█ This motion presents the following question: does a contractual commitment by a non-resident insurance company to defend its insured against claims arising out of accidents occurring in New Jersey, constitute a sufficient contact with this state to subject it to suit here if its insured has an accident in this state and that accident generates third party claims? Based on the reasoning which follows, I have answered that question in the affirmative.

---

[1]*N.J.S.A.* 39:6A–9.1 permits an insurer who pays P.I.P. benefits as a result of an accident in New Jersey to recover those payments from any tortfeasor not required to maintain that coverage. Recovery may be by way of a direct action against the tortfeasor's insurer and if necessary includes binding arbitration.

■ *R.* 4:4–4 represents this State's equivalent of a "long arm statute" and permits the assertion of jurisdiction to "the uttermost limits permitted by the United States Constitution." *Avdel Corp. v. Mecure,* 58 *N.J.* 264, 268, 277 *A.*2d 207 (1971). For this court to legitimately assert jurisdiction, therefore, the due process requirements of the Fourteenth Amendment must be satisfied. *Charles Gendler & Co. v. Telecom Equipment Corp.,* 102 *N.J.* 460, 469, 508 *A.*2d 1127 (1986).

■ The due process clause was originally construed to require the personal presence of a defendant. *Pennoyer v. Neff,* 5 *Otto* 714, 95 *U.S.* 714, 24 *L.Ed.* 565 (1878). The modern view is that a defendant need only have "minimum contacts" with the forum in order for the assertion of jurisdiction not to offend traditional notions of fair play and substantial justice. See *Charles Gendler & Co. v. Telecom Equipment Corp., supra,* 102 *N.J.* at 469–470, 508 *A.*2d 1127, (citing *International Shoe Co. v. Washington,* 326 *U.S.* 310, 316, 66 *S.Ct.* 154, 158, 90 *L.Ed.* 95, 102 (1945)). While there is no mechanical test for asserting personal jurisdiction, the minimum contacts test requires that an absent defendant must have purposely availed itself of the privilege of conducting business in the forum state. *Hanson v. Denckla,* 357 *U.S.* 235, 253, 78 *S.Ct.* 1228, 1239, 2 *L.Ed.2d* 1283, 1298 (1958). Thus, the defendant's conduct and its connection with the forum state must be such that it "should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson,* 444 *U.S.* 286, 297, 100 *S.Ct.* 559, 567, 62 *L.Ed.2d* 490, 501 (1980).

■ Applying these principles to the case at bar, I am satisfied that Independent's contractual commitment to its insured to provide coverage for accidents in New Jersey, coupled with the occurrence of an insured event here, satisfies the "purposeful availment" requirement of the minimum contacts test. *Hanson v. Denckla, supra.* Not only could Independent anticipate that its insureds would travel to various states, including New Jersey, and become involved in accidents and litigation

there, it specifically contracted to cover such risks. See *Farmers Ins. Ex. v. Portage La Prairie Mut. Ins. Co.*, 907 *F.2d* 911, 913 (9th Cir.1990).[2] This is more than a matter of foreseeability. Independent affirmatively contracted to send its representatives to New Jersey and other states to defend its insured against the very risk which has now materialized. That commitment protects not just the insured but the third parties as well.

Having concluded that the "minimum contacts" test is satisfied, the court must next evaluate those contacts in light of other relevant factors in order to determine whether the assertion of personal jurisdiction in this case comports with traditional notions of "fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 *U.S.* 462, 476, 105 *S.Ct.* 2174, 2184, 85 *L.Ed.2d* 528, 543 (1985) (quoting *International Shoe Co. v. Washington, supra*). Stated differently, this court must be satisfied that the assertion of jurisdiction is reasonable. What is reasonable depends on the balancing of several factors, not just defendant's contact with the forum.

One of the primary factors which must be considered is the burden created by requiring the defendant to defend itself in a foreign forum. In this case, that burden is no greater than defendant's contract requires. Admittedly, that is just one of the factors to be considered.

Implicit in this emphasis on reasonableness is the understanding that the burden on the defendant, while always a primary concern, will in an appropriate case be considered in light of other relevant factors, including the forum State's interest in adjudicating the dispute; the plaintiff's interest in obtaining convenient and effective relief, at least when that interest is not adequately protected by the plaintiff's power to choose the forum; the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive

---

[2]When a defendant's contacts with the forum are not continuous but the claim arises out of forum-related activities, jurisdiction, when found, is said to be "specific". *Ibid.*

social policies. *World–Wide Volkswagen Corp. v. Woodson*, 444 *U.S.* at 292, 100 *S.Ct.* at 564–65, 62 *L.Ed.2d* at 498 (Citations omitted)

Weighing these factors, I am satisfied that the most significant considerations favor the assertion of jurisdiction. The claims which this suit addresses are the very ones which Independent contracted to defend. Although plaintiff is seeking reimbursement for personal injury protection benefits, that label is irrelevant. These are the same losses for which Independent's insured will be responsible if liability is ultimately proven. Independent's burden is therefore no greater than its policy guarantees. As for New Jersey's interest, clearly this State has an interest in insuring that its citizens have a convenient forum in which they can obtain redress for their losses. It also has an interest in protecting itself since the alternative may be state responsibility if a particular citizen cannot pay. See *Watson v. Employer's Liab. Assurance Corp.*, 348 *U.S.* 66, 72, 75 *S.Ct.* 166, 169, 99 *L.Ed.* 74, 82 (1954). New Jersey's interest is further underscored by the statute which specifically authorizes plaintiff's action. *N.J.S.A.* 39:6A–9.1.

Although plaintiff also has a strong interest in obtaining a convenient and effective forum, that factor is not particularly helpful since defendant has a similarly strong interest which would support jurisdiction elsewhere. The convenience factor nevertheless favors New Jersey; so does the interstate judicial system's interest in obtaining the most efficient resolution of controversies. Since the accident occurred here and the witnesses are here, efficiency favors having the adjudication here. In sum, when defendant's contacts with this forum are evaluated in light of other relevant factors, the assertion of jurisdiction comports with traditional notions of fair play. *International Shoe v. Washington, supra.*

Despite the above analysis, one may legitimately question whether a direct suit against the carrier, as opposed to one against the insured, shifts the balance against the assertion of jurisdiction. For example, Independent's contractual commitment contemplated the defense of its insured, not itself. Also,

where the insured's contact with New Jersey is clear, Independent's contact was admittedly less direct. See *United Farm Bur. Mut. Ins. v. U.S. Fid. & Guar.*, 501 *Pa.* 646, 462 *A.2d* 1300 (Pa.1983). Conceding these points, I am nevertheless convinced that the more persuasive analysis favors asserting jurisdiction. As mentioned earlier, the issue which this litigation seeks to resolve is the responsibility of defendant's insured for the losses sustained in a New Jersey accident. If liability is proven, the obligation to pay for those losses lies with the carrier. For these purposes, therefore, Independent stands in the shoes of its insured and is the "real party in interest." *Lumberman's Mutual Cas. Co. v. Elbert*, 348 *U.S.* 48, 51, 75 *S.Ct.* 151, 154, 99 *L.Ed.* 59, 63 (1954); *see also Ruetgers–Nease v. Fireman's Ins.*, 236 *N.J.Super.* 473, 477, 566 *A.*2d 227 (App.Div. 1989). Independent's burden in defending this suit will be no more than if the suit were against its insured. The issues will also be the same. In substance, this carrier will be doing no more than it contracted to do. When one considers the relationship between the defendant, the litigation and the forum, the assertion of jurisdiction in this setting is reasonable. *Ruetgers–Nease v. Fireman's Ins., supra.*

To the extent that this issue has been addressed elsewhere, the weight of the case law supports the analysis adopted here. See, e.g., *Farmers Ins. Ex. v. Portage La Prairie Mut. Ins. Co., supra*, at 913–14; *Rossman v. State Farm Mut. Auto Ins. Co.*, 832 *F.2d* 282, 286 (4th Cir.1987); *Eli Lily & Co. v. Home Ins. Co.*, 794 *F.2d* 710, 721 (D.C.Cir.1986), *cert. denied* 479 *U.S.* 1060, 107 *S.Ct.* 940, 93 *L.Ed.2d* 990 (1987); *August v. HBA Life Ins. Co.*, 734 *F.2d* 168, 172–73 (4th Cir.1984); *Pugh v. Oklahoma Farm Bureau Mut. Ins. Co.*, 159 *F.Supp.* 155, 157 (E.D.La.1958); *Bevins v. Comet Cas. Co.*, 71 *Ill.App. 3rd* 758, 28 *Ill.Dec.* 333, 336–37, 390 *N.E.2d* 500, 503–504 (1979); *Labruzzo v. State Wide Ins. Co.*, 77 *Misc.2d* 455, 353 *N.Y.S.2d* 98, 102 (1974); *cf. United Farm Bur. Mut. Ins. v. U.S. Fid. & Guar., supra.*

The Fourth Circuit decision in *Rossman* is both typical and instructive. In that case, the driver of a car insured by an Illinois carrier (Consolidated) was involved in a Virginia accident that resulted in a death of the driver of the second car. When the family of the deceased driver filed suit in the Federal Court in Virginia seeking a determination regarding coverage, Consolidated challenged the court's jurisdiction for the same reasons advanced here. Like Independent, Consolidated had no agents in Virginia, sold no policies there and was not authorized to do business in that state. As in this case, however, the Illinois policy provided coverage for all of the United States, Puerto Rico and Canada. The Fourth Circuit held that the carrier had sufficient contacts with Virginia to satisfy due process. As it noted,

> ... [T]here is no doubt that Consolidated could foresee being haled into a court in Virginia. 'Insurance by its nature involves the assertion of claims, and resort to litigation is often necessary.'... As an automobile liability insurer, Consolidated could anticipate the risk that its clients would travel in their automobiles to different states and become involved in accidents and litigation there. (citations omitted). *Rossman v. State Farm Mut. Auto. Ins. Co., supra* at 286. (citations omitted).

As the court also noted, this kind of case may be distinguished from *World–Wide Volkswagen, supra.* Unlike the seller and the distributor there, an insurer such as Consolidated has the contractual ability to exclude a particular state from its policy territory. When it choses to do otherwise, its expectation of being haled into a foreign state not only becomes foreseeable, it represents an express feature of its policy. The benefits it derives from that feature are neither fortuitous nor incidental. See *Rossman v. State Farm Mut. Auto. Ins. Co.,* at 287; *Farmers Ins. Ex. v. Portage La Prairie Mut. Ins. Co., supra* at 914; *cf. World–Wide Volkswagen Corp. v. Woodson,* 444 *U.S.* at 298–99, 100 *S.Ct.* at 567–68, 62 *L.Ed.2d* at 502.

## CONCLUSION

Due process requires that a non-resident defendant have at least minimum contacts with a forum in order for the

exercise of personal jurisdiction to be legitimate. Although those "contacts" may consist of a single event, it is still necessary that defendant have done some act by which it has purposely availed itself of the privilege of conducting activities in the forum state. In this case, that requirement is satisfied by Independent's contractual commitment to its insured, the happening of the accident in New Jersey and the third party claims which that accident generated.

Defendant's application to dismiss will be denied. Counsel for plaintiff should submit an order consistent with this ruling.

600 A.2d 1248
STATE OF NEW JERSEY v. DEXTER HALL.

Superior Court of New Jersey
Law Division Union County

November 28, 1990.

