2000 OK CIV APP 123

**STATE of Oklahoma, ex rel. Carroll FISHER, Insurance Commissioner for the State of Oklahoma as Receiver for MCA Insurance Company, an Oklahoma domestic insurer, Plaintiff/Appellant,**

v.

**SOUTH ATLANTIC DREDGING COMPANY, INC., Charles F. Ailstock, Leon B. Monk, F. Hammond Johnson, John T. Tecklenburg, Joseph P. Griffith, Jr., and Michael J. Knapp, Defendants/Appellees.**

No. 93,836.

Court of Civil Appeals of Oklahoma, Division No. 3.

Decided July 21, 2000.

Rehearing Denied Sept. 8, 2000.

Certiorari Denied Nov. 7, 2000.

Chris L. Rhodes, III, Robert P. Redemann, Michael F. Smith, Rhodes, Hieronymus, Jones, Tucker & Gable, L.L.C., Tulsa, OK, for Appellant.

Michael Paul Kirschner, The Kirschner Law Firm, Oklahoma City, OK, Paul F. Tecklenburg, McNair Law Firm, P.A., Charleston, SC, for Appellees.

JOPLIN, Judge:

¶ 1 Plaintiff/Appellant State of Oklahoma, ex rel. Carroll Fisher, Insurance Commissioner for the State of Oklahoma as Receiver (Receiver) for MCA Insurance Company, an Oklahoma domestic insurer (MCA), seeks review of the trial court's order granting the motion to dismiss of Defendants/Appellees South Atlantic Dredging Company, Inc. (SADCO), Charles F. Ailstock, Leon B. Monk, F. Hammond Johnson, John T. Tecklenburg, Joseph P. Griffith, Jr., and Michael J. Knapp (collectively with SADCO, Defendants), on State's claim for enforcement of an indemnity agreement. In this proceeding, Receiver asserts error of the trial court in dismissing Receiver's action for lack of *in personam* jurisdiction. We find no error as alleged, however, and hold the order of the trial court should be affirmed.

¶ 2 MCA was an Oklahoma domestic insurance company, licensed in the mid–1950s, with its principal place of business in New Jersey. In August 1988, MCA, apparently

by and through an agent in South Carolina, issued a surety bond guaranteeing SADCO's performance of a construction project in South Carolina. By the terms of the bond, SADCO agreed to repay MCA for claims paid under the bond.

¶ 3 The individual Defendants also executed an indemnity agreement by which they agreed to indemnify MCA for claims paid under the SADCO surety bond. The agreement contained a forum selection clause, which provided:

> Each of the Undersigned [Defendants] hereby agree that this Agreement shall be deemed to have been executed in the State of New Jersey, and the rights and liabilities of the parties hereto shall be determined in accordance with the laws of the State of New Jersey. Any action or proceeding of any kind against any of the Undersigned arising out of or by reason of this Agreement may be brought in any state or federal court of competent jurisdiction in the State of New Jersey, in addition to any other court in which such action might properly be brought and each of the Undersigned hereby submits to the jurisdiction of any such court and agrees that service of process may be effected by certified mail sent to the address shown below unless written notification of another address is given.

¶ 4 In October 1992, the Oklahoma County District Court declared MCA insolvent, and appointed Receiver to liquidate MCA assets. SADCO defaulted in performance, and Receiver received and/or paid about $35,000.00 in claims under the MCA/SADCO surety bond. Receiver then commenced the instant action against Defendants in Oklahoma County to recover under the indemnity agreement.

¶ 5 Defendants moved to dismiss, asserting, *inter alia,* no *in personam* jurisdiction, and attached to their motion and brief the affidavits of one or more of the individual Defendants—apparently all South Carolina residents—attesting to no due process minimum contacts with the State of Oklahoma. Receiver responded, asserting Defendants agreed to submit to the jurisdiction of the Oklahoma courts under the "any other court"

language of the indemnity agreement's choice-of-forum clause. On consideration of the parties' briefs and submissions, the trial court granted Defendant's motion to dismiss without prejudice to refiling of the action "in an appropriate forum."

¶ 6 "[A] court of this state may exercise jurisdiction on any basis consistent with the constitution of this state and the constitution of the United States." 12 O.S.1996 Supp. § 2004(F). "To be subject to the jurisdiction of the court, a defendant must 'have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316 [66 S.Ct. 154, 158, 90 L.Ed. 95] (1945)." Comment, 12 O.S.A. § 2004 (West, 1999). A non-resident defendant must have sufficient "minimum contacts" with the forum state "such that he should reasonably anticipate being held into court there." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). *Accord, Shaffer v. Heitner,* 433 U.S. 186, 218, 97 S.Ct. 2569, 2587, 53 L.Ed.2d 683 (1977) (Stevens, J., concurring in judgment) (defendants must have "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign.") New Jersey law is in accord. *See, e.g., Waste Management, Inc. v. Admiral Ins. Co.,* 138 N.J. 106, 649 A.2d 379, 385–387 (1994); *New Jersey Auto. Full Ins. Underwriting Ass'n v. Independent Fire Ins. Co.,* 253 N.J.Super. 75, 600 A.2d 1243, 1245 (1991).

¶ 7 On the other hand, "parties to a contract may agree in advance to submit to the jurisdiction of a given court, to permit notice to be served by the opposing party, or even to waive notice altogether." *National Equipment Rental, Limited v. Szukhent,* 375 U.S. 311, 316, 84 S.Ct. 411, 414, 11 L.Ed.2d 354 (1964). Ordinarily, absent compelling reasons otherwise, forum selection clauses are enforceable. *See, e.g., Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 595, 111 S.Ct. 1522, 1528, 113 L.Ed.2d 622 (1991). However:

> The parties' agreement as to the place of the action cannot oust a state of judicial

jurisdiction, ... [and] "[p]rivate individuals have no power to alter the rules of judicial jurisdiction."

*Eads v. Woodmen of the World Life Ins.*, 1989 OK CIV APP 19, 785 P.2d 328, 330.

¶ 8 In the present case, the parties agreed to enforcement of the indemnity agreement in "any other court in which such action might properly be brought." Both Oklahoma and New Jersey law condition exercise of *in personam* jurisdiction on some Constitutional basis. The phrase "might properly be brought" therefore can have no other meaning, in our view, than to couch enforcement of the indemnity agreement in "any court" having jurisdiction over *both* the *subject matter and* the *parties,* that is, where *jurisdiction* would otherwise be "proper." On the materials submitted, the trial court implicitly determined Defendants did not have sufficient minimum contacts with Oklahoma, and we find the trial court's decision correct.

¶ 9 Furthermore, we will not ascribe to the cited language of the forum selection clause Defendants' consent to be sued in a jurisdiction with which they have no constitutionally required minimum contacts. We feel particularly so compelled in the present case because the evidence submitted in support and opposition to Defendants' motion to dismiss uncontrovertedly showed Defendants had no "fair warning" that their execution of the indemnity agreement in South Carolina, in favor of MCA with its principal place of business in New Jersey, would "subject [them] to the jurisdiction of a foreign sovereign" in Oklahoma, as nowhere in any of the documents submitted does it reveal MCA's status as an Oklahoma domestic insurer. *Shaffer,* 433 U.S. at 218, 97 S.Ct. at 2587.

¶ 10 We therefore hold the trial court did not err in granting Defendants' motion to dismiss. The order of the trial court is consequently AFFIRMED.

¶ 11 HANSEN, V.C.J., and ADAMS, J., concur.