**BARKER LEASING, INC., and Hub Construction, Inc., Appellants,**

v.

**STATE INSURANCE FUND, Appellee.**

No. 86304.

Court of Appeals of Oklahoma,
Division No. 2.

Dec. 26, 1995.

Joe Stamper, Stamper, Burrage & Hadley, Antlers, for Appellants.

Rodney Hayes, Jeffrey P. Jordan, State Insurance Fund, Oklahoma City, for Appellee.

REIF, Judge.

Plaintiff-insureds appeal the order dismissing their declaratory judgment action on the ground that Choctaw County was not the proper venue to litigate a controversy concerning premiums due the defendant State Insurance Fund. Venue in Choctaw County was challenged by the State Insurance Fund (1) on the basis of the insurance contracts that made Oklahoma County the venue of all actions, and (2) under 12 O.S.1991 § 133 (Second), which fixes venue of actions against public officers for their official acts in the county of their "official residence." It is undisputed that Oklahoma County is the "official residence" of the State Insurance Fund and its Commissioner, who manages the Fund and conducts its litigation. Insureds unsuccessfully resisted a venue dismissal by arguing that (1) the venue selection provisions in the contracts were void, and (2) one of the statutes governing the State Insurance Fund—85 O.S.1991 § 133(1)—expressly authorizes the Fund's Commissioner to "[s]ue

and be sued in *all* the courts of the State." (Emphasis added.) Upon review, we find no merit to the position of the insureds and hold that the trial court properly declined to entertain venue in Choctaw County.

As a general rule, forum selection clauses in contracts are prima facie valid and should be enforced unless clearly unreasonable; a court may properly refuse to exercise its jurisdiction out of respect for the intent of the parties concerning the venue of any litigation concerning the contract. *See Eads v. Woodmen of the World Life Ins.*, 785 P.2d 328, 330–31 (Okla.Ct.App.1989). The statutory authority of the Commissioner of the State Insurance Fund to sue and be sued in all courts necessarily includes authority to bargain with prospective insureds to waive other venue options and establish venue in Oklahoma County. The contractual venue choice of Oklahoma County—the "official residence" of the State Insurance Fund and its Commissioner—cannot be said to be clearly unreasonable in view of the general statutory policy that fixes venue of actions involving "official acts" in the county of the public officer's "official residence." Accordingly, the District Court of Choctaw County did not err in declining to exercise jurisdiction out of respect for the intent of the insureds and State Insurance Fund that Oklahoma County would be the venue for any litigation arising under their insurance contracts.

AFFIRMED.

TAYLOR, P.J., and BOUDREAU, J., concur.