2009 OK 53

**Jean Walpole COULTER, Jean Walpole Coulter and Associates, Roy D. Tucker, Roy D. Tucker, P.C., and Coulter Tucker, P.C., Plaintiffs/Appellants,**

v.

**FIRST AMERICAN RESOURCES, L.L.C., Defendant/Appellee.**

No. 106,206.

Supreme Court of Oklahoma.

June 30, 2009.

William R. McMahon, Jr., Tulsa, OK, for Plaintiffs/Appellants.

Brian Goree, Latham, Wagner, Steele & Lehman, Tulsa, OK, for Defendant/Appellee.

COLBERT, J.

¶ 1 This matter presents an issue of contract enforcement concerning whether the trial court erred in refusing to give effect to the parties' choice of arbitration venue and choice of applicable law found in the arbitration clause of a retainer agreement between a law firm and its client. This Court holds that the trial court erred by refusing to give effect to the unambiguous expression of the parties' venue selection and their choice of law for the arbitration of disputes arising from their contract for legal services.

FACTS AND PROCEDURAL HISTORY

¶ 2 Plaintiffs are a Tulsa law firm and its associated lawyers, Jean Walpole Coulter and Roy D. Tucker (collectively Tulsa Lawyers), who entered into an attorney-client

Retainer Agreement with First American Resources, L.L.C. (FAR). The Retainer Agreement included an arbitration clause which specifically designated Tulsa, Oklahoma as the venue for arbitration and provided that Oklahoma law would apply.

¶ 3 FAR had earlier entered into a Joint Venture Agreement with Horizon Oil Technologies, Inc. (HOTI) to install a newly designed pumping system into oil and gas wells. That agreement provided for arbitration in New York County, New York. It further provided that "[t]he choice of law shall be Oklahoma Oil and Gas laws on established issues." Tulsa Lawyers claim the Joint Venture Agreement was later modified to provide that New York law would govern the arbitration of disputes.

¶ 4 Contract disputes arose between FAR and HOTI and on February 28, 2008, FAR filed a demand for arbitration in New York. A separate dispute arose between Far and Tulsa Lawyers concerning legal representation and the lawyers' fiduciary duty relative to the Joint Venture Agreement. FAR attempted to amend its New York arbitration proceeding to encompass its dispute with Tulsa Lawyers.

¶ 5 Tulsa Lawyers brought this action in the District Court of Tulsa County seeking declaratory and injunctive relief to prevent FAR from pursuing arbitration claims against them in New York as opposed to Tulsa. The trial court, however, declined to consider the action viewing the issues of venue and applicable law as matters for the New York arbitrator. It overruled Tulsa Lawyers' motion to reconsider. The Court of Civil Appeals affirmed based on the same reasoning.

## ANALYSIS

¶ 6 Whether the trial court had the duty to enforce the parties' selection of an arbitration venue and their choice of law in their contract presents a question of law. Questions of law are reviewed de novo. *Kluver v. Weatherford Hosp. Auth.*, 1993 OK 85, ¶ 14, 859 P.2d 1081, 1084.

¶ 7 As a preliminary matter, this Court must address the parties' dispute concerning whether the provisions of the Oklahoma Uniform Arbitration Act (OUAA), Okla. Stat. tit. 12, §§ 1851–1881 (Supp.2005), and/or the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–16 (2006), apply to this dispute. FAR contends that Tulsa Lawyers may not invoke the provisions of the FAA because the act was not urged as authority in either the trial court or the Court of Civil Appeals. That assertion, however, is immaterial to the resolution of the dispute because this matter involves the trial court's authority to enforce an arbitration provision according to its terms and its reciprocal authority to prevent arbitration on terms other than those on which the parties agreed. A court's contract enforcement authority as to arbitration venue selection and choice of law is the same when applying either act.

¶ 8 The primary purpose of both the FAA and the OUAA is to ensure that private agreements to arbitrate are enforced according to their terms. *See Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Jr. Univ.*, 489 U.S. 468, 479, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989)("FAA's primary purpose [is to ensure] that private agreements to arbitrate are enforced according to their terms."); *Okla. Oncology & Hematology P.C. v. U.S. Oncology, Inc.*, 2007 OK 12, ¶ 33, 160 P.3d 936, 948 ("Like any other contract provision, an arbitration provision will be read ... so as to give effect to the intention of the parties ascertained from the four corners of the contract."). Applying either act, "[t]he courts will enforce arbitration agreements according to the terms of the parties' contract, as 'arbitration is a matter of consent, not coercion.'" *Okla. Oncology*, 2007 OK 12, ¶ 22, 160 P.3d at 944 (quoting *Volt*, 489 U.S. at 479, 109 S.Ct. 1248). "The contract must be construed to carry out the intent of the parties at the time the contract was made." *Rust v. Carriage Servs. of Okla., Inc.*, 2007 OK CIV APP 125, ¶ 9, 173 P.3d 805, 808 (quoting *Oxley v. Gen. Atl. Res., Inc.*, 1997 OK 46, ¶ 14, 936 P.2d 943, 945). Therefore, arbitration may be initiated only in the venue selected by the parties and under the law which the parties designated in the arbitration agreement. These choices present a matter of contract enforcement for the

courts, not a dispute to be decided by an arbitrator.[1]

¶ 9 In this matter, the parties to the Retainer Agreement consented to arbitration in Tulsa, Oklahoma and to have disputes arising from the legal representation of FAR decided under Oklahoma law. They did not agree to arbitration in New York. Although the parties to the Retainer Agreement are contractually obligated to arbitrate disputes arising from that contract, their venue selection and choice of law presented issues of contract enforcement for the trial court. That court was required to prevent arbitration from proceeding in an arbitration forum other than the one chosen by the parties and under law other than that designated in the arbitration provision. *See Okla. Oncology,* 2007 OK 12, ¶ 27, 160 P.3d at 946. This it failed to do.

¶ 10 This matter must be remanded to the trial court with directions to enjoin the parties to the Retainer Agreement from proceeding in arbitration in New York. Nothing in this opinion prohibits a party to the Retainer Agreement from bringing an arbitration proceeding in the venue and under the law chosen in the arbitration provision.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF COURT OF CIVIL APPEALS VACATED; ORDER OF DISTRICT COURT REVERSED; CAUSE REMANDED WITH DIRECTIONS.

ALL JUSTICES CONCUR.

---

1. Much of the parties' argument is devoted to establishing whether New York or Tulsa presents the most convenient venue for expeditious arbitration of disputes between FAR and Tulsa Lawyers concerning the Retainer Agreement. FAR observes that an arbitrator has the authority to order consolidation of separate arbitration proceedings under the criteria enumerated in the OUAA. *See* Okla. Stat. tit. 12, § 1861 (Supp. 2005). FAR concludes that the decision concerning the proper arbitration venue is for the New York arbitrator. In this matter, however, only one arbitration proceeding is currently pending and that is in New York. The issue in this matter is not the convenience of the arbitration venue. Rather, it is a question of whether a court should give effect to the parties unambiguous selection of the venue stated in their agreement.