OSCN Found Document:TUCKER v. THE COCHRAN FIRM-CRIMINAL DEFENSE BIRMINGHAM L.L.C.

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 TUCKER v. THE COCHRAN FIRM-CRIMINAL DEFENSE BIRMINGHAM L.L.C.
2014 OK 112
Case Number: 111181
Decided: 12/16/2014
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2014 OK 112, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

CHRISTOPHER L. TUCKER, Plaintiff/Appellant,
v.
THE COCHRAN FIRM-CRIMINAL DEFENSE BIRMINGHAM L.L.C., a foreign limited liability company, Defendant/Appellee.

CERTIORARI TO THE OKLAHOMA COURT OF CIVIL APPEALS, DIVISION NO. IV

¶0 A client brought an action in the District Court of Oklahoma County against the law firm which he had hired to represent him in a criminal case. The Honorable Lisa Davis, District Judge, granted the law firm's amended motion to dismiss because of a forum-selection clause in the parties' agreement which provided that venue shall be in Los Angeles, California. Client appealed and the Court of Civil Appeals concluded that the forum-selection clause should not be enforced, reversed the trial court's order dismissing his claims, and remanded the matter for further proceedings in the District Court. The law firm filed a petition for certiorari in this Court for our review of the opinion by the Court of Civil Appeals. We hold: (1) When a parties' agreement has an interstate forum-selection clause and a party seeks its judicial enforcement in an Oklahoma District Court by seeking dismissal of the Oklahoma proceeding, then the procedure for its enforcement is by a motion pursuant to 12 O.S. § 2012(B)(6), or Rule 13 motion for summary judgment; and (2) An interstate forum-selection clause is separable from the contract in which it appears, and its validity like any other provision in a contract is subject to the requirements of a valid contract.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF
CIVIL APPEALS VACATED; JUDGMENT OF THE DISTRICT COURT IS
REVERSED; CAUSE IS REMANDED FOR FURTHER PROCEEDINGS
CONSISTENT WITH THIS OPINION 

Blake Sonne, Sonne Law Firm, P.L.C., Norman, Oklahoma, for Plaintiff/Appellant.
A. Scott McDaniel, McDaniel Acord, P.L.L.C., Tulsa, Oklahoma, for Defendant/Appellee.

EDMONDSON, J.

¶1 This case involves a trial court's dismissal of an action based upon its determination that the action was not brought in the forum that was specified in the attorney-client written agreement. We hold that a party should utilize the 12 O.S. § 2012(B)(6)/summary judgment procedure when that party seeks to dismiss an Oklahoma proceeding based upon an alleged contractual right of interstate venue selection. The matter is remanded to the District Court for the parties to adjudicate their respective claims by the proper procedure.

I.

¶2 The City of Oklahoma City charged Christopher Tucker (Tucker) with municipal misdemeanor offenses of interfering with official process, obstructing an officer, and failing to obey lawful commands of an officer. On August 9, 2010, Tucker signed an agreement for the Cochran Firm-Criminal Defense, Birmingham, L.L.C., (Cochran Firm), to provide him with legal representation for his scheduled trial in October of 2010. Tucker was found guilty of a municipal charge as a result of the trial proceedings.

¶3 Tucker filed an action in the District Court of Oklahoma County against the Cochran Firm alleging that the Case Manager for the law firm, John Pride, had misrepresented the nature of the services that the law firm would provide and that the Cochran Firm had (1) committed actual and constructive fraud, (2) committed acts of legal malpractice and negligence, (3) violated the Oklahoma Consumer Protection Act (15 O.S. §§ 751- 764.1), (4) committed the tort of outrage, and (5) breached the parties' agreement.

¶4 Tucker alleged that the Case Manager informed him that the law firm would engage in a four to five-day trial to defend Tucker, the law firm would provide an experienced trial lawyer with twenty to thirty years of experience to represent him at trial, and that the law firm "had attorneys who were licensed to practice in Oklahoma and who would in fact defend the Plaintiff in trial . . . ." He alleged that these statements were untrue and were made to fraudulently induce him to enter into an agreement for legal services and to pay "outrageous fees." The law firm required Tucker to pay a non-refundable retainer of $13,690.00 for legal representation for the trial. Tucker had paid to the law firm $12,200.00 in installments by the time his trial occurred.

¶5 He also alleged that a few days after he signed the agreement, the Cochran Firm informed him that Josh McKeown, an attorney with the firm, would represent him at the trial. He further alleged that on the morning of his trial he met for the first time the attorney who actually represented him at his trial, an Oklahoma lawyer, E. W. Childers. Tucker alleged that during the trial McKeown was in the courtroom seated in the area for the public and "whispered a couple of times to Childers." He also alleged that the Cochran Firm paid Childers $500.00 to represent him at his trial which lasted approximately forty minutes.

¶6 Tucker alleged that McKeown had not sought to be admitted pro hac vice for the trial. He also alleged that the Cochran Firm had (1) failed to request a court reporter for preparation of a trial transcript for an appeal, (2) failed to conduct any discovery or otherwise request documents and evidence from the City of Oklahoma City, (3) failed to secure and subpoena the police vehicle videos and videos from nearby businesses, (4) failed to obtain information concerning complaints and disciplinary actions concerning the police officers involved, (5) failed to obtain character witnesses for Tucker, (6) failed to prepare witnesses for the trial, (7) failed to obtain an expert witness for Tucker as promised by the Cochran Firm, (8) failed to submit a trial brief on a specific issue, (9) failed to object to the identification of evidence, (10) failed to move to suppress evidence based on an officer's lack of probable cause or reasonable suspicion to stop, (11) failed to seek admission pro hac vice, and (12) failed to adequately prepare with local counsel.

¶7 The Cochran Firm filed a motion to dismiss Tucker's petition. The law firm's motion relied on 12 O.S. § 19;[1] a forum-selection clause in the contract; and Bakhsh v. JACRRC Enterprises, Inc., 1995 OK CIV APP 40, 895 P.2d 746, where in an opinion released for publication by order of the Court of Civil Appeals, the court stated that parties to a contract may select the jurisdiction in which all actions arising from their transaction shall be heard, and a selected forum in Dallas, Texas, was held to be reasonable in the circumstances. The forum-selection clause at issue in this case states that: "This agreement shall be interpreted under the laws of the state of California and jurisdiction and venue shall be exclusively in the county of Los Angeles, in the state of California."[2]

¶8 This initial motion to dismiss was denied by the trial court because it was signed by an attorney not admitted to practice before the court. Lawyers for the Cochran Firm subsequently sought to vacate the trial court's ruling pursuant to 12 O.S. § 1031.1 with an argument that the person who signed the initial motion to dismiss was "a member" of the Cochran Firm acting as a "pro se defendant." The trial court vacated its order denying the motion to dismiss; directed the Cochran Firm to file an amended motion to dismiss; and ordered that the amended motion to dismiss, when filed, would relate back to the date the initial motion to dismiss was filed.

¶9 After filing the amended motion to dismiss, the trial court determined that the forum-selection clause in the retainer agreement should be judicially enforced. The trial court also determined that enforcement of the forum-selection clause would not be unfair or unreasonable under the circumstances. The trial court dismissed the action for improper venue.

¶10 Tucker appealed and the Court of Civil Appeals, in an opinion released for publication, reversed the trial court and remanded the cause for further proceedings. The appellate court concluded that the Retention Agreement specified who must sign the agreement on behalf of the law firm, and that this was not done. The court concluded that in the absence of a written retention agreement, the parties had an oral retention agreement, and that the trial court had failed to determine whether there existed a valid forum-selection agreement between the parties.[3] The court appears to have concluded that a forum-selection clause would violate public policy if the clause required obligations created by a lawyer-client relationship in an Oklahoma legal proceeding to be governed by the law of another state.

¶11 The Cochran Firm filed a petition for certiorari in this Court and argued that (1) the appellate court should have applied an abuse-of-discretion standard instead of using a de novo review, (2) the burden of persuasion is on one attacking a forum-selection clause and the record shows that Tucker failed this burden, (3) a client-attorney fiduciary relationship does not apply when fees are negotiated, (4) the appellate court improperly adjudicated disputed questions of fact, and (5) the appellate court improperly based public policy considerations on allegations of fact where those facts occurred after the contract negotiation.

¶12 The Cochran Firm relies upon various opinions of the Court of Civil Appeals for the proposition that a forum-selection clause should be enforced and its argument on the nature of Tucker's burden in the trial court. Tucker relies on an opinion from the Court of Civil Appeals for the concept that a "reasonableness test" should be used when a court decides whether to enforce a forum-selection clause. Our Court of Civil Appeals has addressed whether forum-selection clauses in written agreements are enforceable in various circumstances.[4] Although they constitute persuasive authority only and are not precedential because their publication was not pursuant to orders of the Supreme Court, they do serve as examples of courts in Oklahoma enforcing forum-selection clauses in Oklahoma since 1989.[5] This Court has examined forum-selection clauses in the contexts of arbitration and issue preclusion,[6] but the issues before us today have not been previously addressed by this Court.

¶13 Certiorari was previously granted by this Court, and we vacate the opinion of the Court of Civil Appeals. We have not previously addressed the procedure employed in the District Court and the respective burdens of the parties when a court adjudicates the enforcement of a forum-selection clause. We remand the case to the District Court for the purpose of providing the parties an opportunity to litigate the issue of the enforceability of the clause in this proceeding.

II.

¶14 The first issue raised on certiorari involves the allocation of the burdens of pleading, persuasion, and proof; and this necessarily raises the proper procedure for a party invoking a forum-selection clause. In the last twenty years, when a mandatory[7] forum-selection clause specified an exclusive forum for both jurisdiction and venue[8] the United States Court of Appeals for the Tenth Circuit allowed a defendant to judicially enforce that clause by a motion to dismiss for improper venue pursuant to Fed.R.Civ.P. 12(b)(3).[9] On the other hand, the First Circuit Court of Appeals has treated a motion to dismiss based upon a forum-selection clause as a motion alleging the failure to state a claim for which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).[10] However, in its 2013 opinion in Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas, the United States Supreme Court determined that the proper procedural method for enforcing a forum-selection clause in federal courts was through the doctrine of forum non conveniens and a statute allowing transfer of an action to another federal court.[11]

¶15 The Court indicated that federal venue provisions "alone define whether venue exists in a given forum" and a parties' agreement may not make venue improper in a forum where a federal venue statute makes venue proper.[12] For this reason a Rule 12(b)(3) motion to dismiss for improper venue would not be available where venue was proper pursuant to federal statute even though the parties had previously agreed to a different forum: " . . . a forum-selection clause does not render venue in a court 'wrong' or 'improper' within the meaning of [28 U.S.C.] § 1406(a) or Rule 12(b)(3) . . . ."[13]

¶16 Oklahoma's 12 O.S.2011 § 2012 (B)(3) states that a motion to dismiss may be filed where "improper venue" is asserted.[14] This Court, like the United States Supreme Court, has long-recognized that forum non conveniens does not present the issue of an "improper forum," but may apply when more than one forum is proper. We noted in Stevens v. Blevins that two proper venues must exist, and we explained that "this Court set forth procedural requirements including an application for a change of venue by the parties stating the facts on which the transfer is based . . . [and] we found that an application for a change of venue under the doctrine of intrastate forum non conveniens must be filed by a party before the date fixed for filing an answer."[15] The procedure was established by our opinion and not by pleading statutes.

¶17 The Oklahoma Supreme Court set forth the procedural requirements for the forum non conveniens motion requesting change of venue, noting that the procedural requirements and timing were not controlled by statute. We did not view this motion as one raising "improper venue" within the scope of the venue statutes. Just as 12 O.S. § 2012(B)(3) does not apply to a motion raising the judicial doctrine of forum non conveniens, neither does § 2012(B)(3) apply to a motion alleging a contractual agreement for a different venue.[16]

¶18 In Atlantic Marine Construction Co., supra, the U. S. Supreme Court noted that it need not consider application of Fed.R.Civ.P. 12(b)(6), and stated that "[e]ven if a defendant could use Rule 12(b)(6) to enforce a forum-selection clause, that would not change our conclusions that § 1406(a) and Rule 12(b)(3) are not proper mechanisms to enforce a forum-selection clause."[17] The United States Court of Appeals for the Second Circuit has appeared to have construed this language to mean that a Federal Rule 12(b) motion is not a proper mechanism for enforcement of a valid forum-selection clause.[18] Prior to Atlantic Marine Construction Co., supra, authors noted that the First, Second, Third, and Sixth Circuit Courts allowed forum-selection clauses to be enforced by Rule 12(b)(6) motion alleging "failure to state a claim," while the Fourth, Seventh, Ninth, Eleventh, and D.C. Circuit Courts allowed enforcement by a Rule 12(b)(3) motion alleging "improper venue."[19] One author has noted: "But the [Supreme] Court has explicitly left open the possibility that using Rule 12(b)(6), and other means of raising forum clauses as an affirmative defense, may be 'ultimately correct.'"[20]

¶19 Oklahoma currently has a statute addressing forum non conveniens. 12 O.S. § 140.3.[21] However, no party to the present controversy argues that any language in § 140.3 requires its application to a forum-selection clause in a contract. We decline to make any holding on the application of the statute.[22]

¶20 The forum-selection clause in the case before us was not created by a statute, but by a contract made by these parties. Obligations created by parties in a contract are enforced as contractual rights in a legal proceeding that adjudicates a contract cause of action (and defenses thereto).[23] Contractual obligations may be used by a defendant to avoid liability in a legal action on the contract, and they are usually presented in the legal contest in forms such as contesting plaintiff's alleged meaning of the language of the contract, disputes over contract formation, performance, or execution, as well as affirmative defenses and compulsory counterclaims. The dispute before us concerns the language in the contract and its judicial enforcement. We have indicated that judicial enforcement of the contract-based claims in a retainer agreement include enforcing contractually specified arbitration and venue selection.[24] What we have before us is a dispute concerning the judicial enforcement of a contract-based obligation specifying venue selection, a merits-based issue on the meaning of a specific provision of a contract.

¶21 The Cochran Firm sought dismissal in the trial court. Because this is a dispute on the merits of the cause of action, it may be procedurally presented by either an appropriate § 2012(B)(6) motion challenging the sufficiency of the face of the petition,[25] or by a motion for summary judgment seeking a judgment on the merits of a contract-based claim.[26] The party that sought to invoke judicial relief based upon an alleged contractual agreement for venue selection is the defendant, the Cochran Firm, when it sought dismissal in the trial court. A burden to present facts, claims and legal arguments falls on the party who asserts an entitlement to the judicial relief sought.[27] The Cochran Firm has the burden to file the appropriate § 2012(B)(6) motion to dismiss attacking facial sufficiency of the petition or a motion for summary judgment. Once Cochran's initial burden is satisfied, a burden is placed on Tucker to make the appropriate procedural and substantive response, as we now explain.

III.

¶22 A typical dispute involving the judicial doctrine of interstate forum non conveniens is not based upon the parties' agreement or the merits of a contract and does not involve a 12 O.S. § 2012(B)(6) procedure. Rather, the doctrine involves specific private and public interests. The U. S. Supreme Court stated that when a federal district court adjudicates a typical forum non conveniens motion the trial court must evaluate both the convenience of the parties and various public-interest considerations; and upon weighing the relevant factors the court should decide whether, on balance, a transfer would serve the convenience of parties and witnesses and otherwise promote the interest of justice.[28]

¶23 The High Court identified the parties' private interests as those including "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive."[29] The Court identified the public-interest factors as including "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law."[30]

¶24 In Conoco, Inc. v. Agrico Chemical Co., we cited a 1947 U. S. Supreme Court opinion and a 1954 opinion from this Court, and we explained that we also examine the public and private interests involved in a forum non conveniens dispute.[31]

The forum non conveniens criteria consider private and public interests. Gulf Oil Corporation v. Gilbert, 330 U.S. at 508, 67 S.Ct. at 843. The private interests to be considered include whether the forum 1) is convenient for witnesses, 2) may reach unwilling witnesses by compulsory process, 3) allows a view of the premises, 4) is near the sources of proof, and 5) serves to make trial of the case less burdensome and more convenient. Id. The public interests include the burden of jury duty on the community and the community interest in having local controversies decided at home. Id. Except where the balance of these interests tilts strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. Id. Oklahoma adopted these criteria in applying the doctrine of interstate forum non conveniens. St. Louis-San Francisco Ry. Co. v. Superior Court, at ¶ 23, 276 P.2d at 778.

Conoco, Inc. v. Agrico Chemical Co., 2004 OK 83, at ¶ 11, 115 P.3d at 833.[32]

¶25 In Atlantic Marine Construction Co., supra, the Court stated that a plaintiff's choice of venue should be considered when a court adjudicates a forum non conveniens motion.[33] The doctrine of forum non conveniens recognizes the convenience of the parties and their interests in selecting and litigating in a particular judicial forum. [34] However, in a circumstance of contract-based venue this interest has been expressed by them when they created an agreement stating their preference for a forum. As noted in Atlantic Marine, "The enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system."[35]

¶26 In Conoco, Inc. v. Agrico Chemical Co., supra, this Court relied upon the U. S. Supreme Court's opinion in Gulf Oil Corporation v. Gilbert, supra, and stated that "Except where the balance of these [public and private] interests tilts strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."[36] A valid forum-selection clause is one of those instances where a plaintiff's choice of a forum at the time of litigation may be disturbed by plaintiff's previous contractual choice of a different forum for litigation. In Atlantic Marine Construction Co., supra, the Court stated that when a valid forum-selection clause is present, " . . . the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted."[37] One reason for this is "the plaintiff has effectively exercised its 'venue privilege' before a dispute arises" when the plaintiff and defendant made a valid agreement on the judicial venue of their dispute.[38] Because the private interests in selecting a forum for disputes have been determined contractually between the parties, a party challenging the selection is usually left only two choices, challenging the validity of the forum-selection clause or showing that public interest or public policy requires non-enforcement of the clause.

¶27 Some courts have treated the validity of a forum-selection clause as an issue separable from the validity of the rest of the contract in which the clause appears; i.e., similar to the issue presented by the validity of an arbitration clause,[39] a forum-selection clause's validity is considered separately from the validity of the rest of the contract in which it appears.[40] Historically, this Court has recognized that a contract may possess severable parts and severability is determined by the particular circumstances in each case, "each case must depend very large on the terms and circumstances of the contract involved."[41]

¶28 Generally, a severable contract is susceptible of division and apportionment in its nature and purpose, and having two or more parts, not necessarily dependent on each other, nor so intended by the parties, in respect to matters and things contemplated and embraced in the contract; and whether a contract is entire or severable is primarily a question of intention be determined from language used by the parties and the subject matter of agreement.[42] A contract with a forum-selection clause is separable in that the clause involves judicial enforcement of the contract instead of the usual contractual provisions concerning performance and the parties' obligations.

¶29 One example of separable clauses in a contract has occurred where courts examine arbitration clauses in a contract to determine if the clause itself is valid. In this sense and paraphrasing from the U.S. Supreme Court, when parties contractually commit to a particular venue to hear disputes arising from a contract, attacks on the validity of the contract, as distinct from attacks on the validity of the venue-selection clause itself, are to be resolved in the venue contractually agreed upon by the parties unless the venue-selection clause is invalid.[43]

¶30 We decline to decide whether the amended motion to dismiss filed by the Cochran Firm properly raised the issue of forum-clause validity, or was a request for summary judgment or a § 2012(B)(6) motion. Because of apparent confusion on the issue of § 2012(B)(6) conversion to a motion to summary judgment as such relates to the standard of review raised by the parties on certiorari, we note the following. This Court "has consistently stated that a motion to dismiss for failure to state a claim upon which relief may be granted, as provided by 12 O.S.2001 § 2012(B)(6), is to be treated as a motion for summary judgment when matters outside of the pleadings are presented in support of the motion and those extra-pled matters are not excluded by the trial court when the motion is considered."[44] Further, a copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.[45] When a defendant files a § 2012(B)(6) motion with an incorporated exhibit which is relied on by plaintiff in the petition, or is integral to plaintiff's petition, the motion is not converted into one for summary judgment.[46] The Cochran Firm filed an amended motion to dismiss with six attached exhibits, Tucker's Petition, an affidavit of a person employed by the Cochran Firm, the written contract, and three opinions from the U. S. District Court for the Northern District of Oklahoma. Whether the incorporated written contract is integral to Tucker's petition and therefore not used as a basis for conversion to summary judgment was not briefed by the parties. Additionally, a valid contract requires that there should be (1) parties capable of contracting, (2) their consent, (3) a lawful object, and (4) sufficient cause or consideration.[47] When the Cochran Firm attached an affidavit of one of its employees to the motion to dismiss, the issue arises whether the language used by the defendant in its motion/affidavit was for the purpose of showing Tucker's contractual intent, knowledge, and consent and whether a prima facie valid forum-selection clause existed. In other words, was the Cochran Firm making an effort to show that (1) a written agreement on forum-selection satisfied these four necessary elements to a contract, (2) a prima facie forum-selection clause existed, and (3) the Cochran Firm was entitled to a dismissal on the issue of forum-selection because of this affidavit? Was the quest for dismissal converted to summary judgment by the Cochran Firm's use of the employee's affidavit?[48] Tucker filed a response with an affidavit attached which included statements that he was not informed by the Defendant of the forum-selection clause in the Agreement, and that he did not negotiate or discuss the clause. Plaintiff attached a copy of the written agreement to his response for the purpose of showing that he did not place his initials next to the forum-selection clause. Was this filing sufficient to raise a factual issue in the context of summary judgment relating to the four elements to a contract as a necessary predicate for a valid forum-selection clause and thus making the issue one for a jury?[49] Plaintiff's response, like Defendant's motion, did not provide the trial court with any discussion, guidance, or request that the issues framed by the parties be reviewed by the trial court using procedure for a § 2012(B) motion, motion for summary judgment, or some other standard. The motion and response do not comply with the requirements of Rule 13 of the Uniform Rules for District Courts. Summary judgment proceedings are governed by Rule 13.[50] The trial court granted the motion to dismiss, apparently convinced by Defendant's brief that Tucker was required to show that enforcement was mandatory unless Tucker showed that enforcement of the forum-selection clause was "unfair and unreasonable under the circumstances."[51] The judgment of the District Court appears to show that its decision was not based upon either § 2012(B)(6) or a summary judgment request. We decline to decide these issues raised by the parties in advance of them litigating their claims in the District Court utilizing a procedure that is proper for the nature of the claims they desire to litigate.[52] We recognize that this Court has not previously given express guidance for the procedure counsel should use for litigating a forum-selection clause, but litigation of a contract-based claim of forum selection should be litigated as all legal claims, in the context of procedural rules guaranteeing that a legal claim may be "carried to an adjudication on the merits."[53]

¶31 No one may contract requiring conduct that is against public policy. 15 O.S. 2011 § 211.[54] In Groendyke Transport, Inc.v. Cook, we explained that the judicial doctrine of forum non conveniens springs from the court's equitable powers and exercised when the interests of justice, including public policy, require.[55] In the matter before us, Tucker's necessarily implied argument is that public policy requires negation of the forum-selection clause in this case and the substance of that public policy is found in (1) the "public interests" recognized by the doctrine of forum non conveniens, (2) the duties and responsibilities of a lawyer licensed to practice law in this state that were allegedly breached by the Cochran Firm, (3) general principles of contract law that were allegedly violated by the defendant, and (4) other allegations of wrongful conduct by the defendant.

¶32 As we previously noted, in Atlantic Marine Construction Co., supra, the Court stated that when a valid forum-selection clause is present, "as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." The Court further explained that since the private interests were expressed by the forum-selection clause, a court should not consider arguments about the parties' private interests, but consider only the public interests: "As a consequence, a district court may consider arguments about public-interest factors only."[56]

¶33 We agree with placing this burden on the party challenging a forum-selection clause after a prima facie validity of the clause is shown by a party relying upon such a clause, if a party challenging this validity is unsuccessful on that challenge. This burden is consistent with our opinions explaining that only those contracts that are invalid on their faces or clearly tend against public policy are void, that a contract should receive such an interpretation as will make it lawful if such result is not clearly violative of the intent of the parties, and that one who asserts the invalidity of a contract has the burden of proof.[57] The Cochran Firm argued in its reply to Tucker's response that his "burden of proof" required him to show that litigating in California was "unfair or unreasonable." While Tucker's public policy claim may include the traditional "unfair and unreasonable" claim as such relates to a public-interest recognized in traditional forum non conveniens doctrine; because the Cochran Firm is asserting a contractual right, Tucker may raise any cognizable contract-based claim, including a claim based on public policy, when that claim relates to the forum-selection clause itself as opposed to the contract as a whole.

¶34 In response to the Cochran Firm's motion, Tucker argued that the forum-selection clause was never negotiated, bargained for, or discussed by the parties, and that while several of the contractual provisions required a showing of Tucker's agreement by the placement of his initials in various places in the contract, there was no place for his initials to show agreement with the forum-selection clause. He also argued "Defendant has made no allegation that the Agreement was a negotiated contract." Tucker challenged whether his consent had been given to the forum-selection clause.[58] Tucker also alleged fraud in his petition, and if fraud was present then a forum-selection clause should not be enforced since it would violate public policy. Of course, a forum-selection clause obtained by fraud is voidable.[59] Tucker also alleged public policy was violated by a lack of professional ethics by the Cochran Firm. We decline to decide these issues prior to their litigation in the trial court using a proper procedure.

¶35 We need not address Tucker's and the Cochran Firm's additional arguments because we must remand this proceeding to the District Court to provide an opportunity for the parties to present their claims within the proper procedural framework. In Rogers v. Dell Computer Corp., we remanded the matter to the District Court for additional proceedings "[b]ecause we have not before addressed the procedure to be employed on applications to compel arbitration."[60] We have not before addressed the procedure to be employed on a motion to enforce a venue-selection clause.

¶36 The procedure when a contract-specified venue is the subject of litigation is not the same as when a motion is filed seeking the application of the judicial doctrine of forum non conveniens. For example, in the usual dispute involving the judicial doctrine of forum non conveniens, if a trial court grants a motion to dismiss then the order is appealed as a final order as defined by 12 O.S. § 953.[61] In the present appeal, the Court directed the parties to comply with the procedure provided by Okla. Sup. Ct. R. 1.36. This Rule provides a procedure for summary judgments and dismissals for failure to state a claim or lack of jurisdiction of a person or subject matter.[62] While the substance of this appeal should be one from a § 2012(B)(6)motion/summary judgment, the parties had no notice that their trial court briefs would serve as briefs on appeal or that a forum-selection litigation contest was one subject to 12 O.S. § 2012(B)(6) and the requirements for a Rule 13 summary judgment. While the lack of notice concerning the function of Rule 1.36 and certain trial briefs serving as appellate briefs may be corrected by an appellate court within an appeal, the parties must be afforded notice with an opportunity to be heard on their litigable interests when an appellate court requires a judicial procedure in the trial court and that procedure allocates burdens of persuasion and proof.[63] If the Cochran Firm's exhibits to its motion served to show prima facie validity of the forum-selection clause in support of the motion for § 2012(B)(6) relief or summary judgment, then Tucker had a burden to respond to the motion and argue the proper response to a § 2012(B)(6) motion or respond to a motion for summary judgment and present any material facts that were disputed, and argue that Cochran Firm's claim concerning the venue selection should not be granted as a matter of law.[64] Remand will provide the parties the opportunity to litigate the issues within a proper procedure and with notice of that procedure.

IV.

¶37 We hold: (1) When a parties' agreement has an interstate forum-selection clause and a party seeks its judicial enforcement in an Oklahoma District Court by seeking dismissal of the Oklahoma proceeding, then the procedure for its enforcement is by a motion pursuant to 12 O.S. § 2012(B)(6), or Rule 13 motion for summary judgment; and (2) An interstate forum-selection clause is separable from the contract in which it appears, and its validity like any other provision in a contract is subject to the requirements of a valid contract.

¶38 The opinion by the Court of Civil Appeals is vacated. The judgment of the District Court is reversed, and the matter is remanded to that court for further proceedings consistent with this opinion.

¶39 CONCUR: REIF, V.C.J., WATT, WINCHESTER, EDMONDSON, TAYLOR, COMBS, GURICH, JJ.

¶40 CONCUR IN RESULT: KAUGER, J.

¶41 NOT PARTICIPATING: COLBERT, C.J.

FOOTNOTES

[1] 12 O.S. § 19 was created by Laws 2009, c. 228, § 2, and held to be unconstitutional in Douglas v. Cox Retirement Properties, Inc., 2013 OK 37, 302 P.3d 789. No issue relating to § 19 is before this Court in this certiorari proceeding.

[2] Record on Accelerated Appeal (Okla. Sup. Ct. No. 111,181, filed Oct. 25, 2012), No. 10, Defendant's Amended Motion to Dismiss, Exhibit 3A, agreement between "The Cochran Firm-Criminal Defense" and Christopher Tucker, with a payor in addition to Tucker, and dated August 9, 2010.

[3] While the Court of Civil Appeals concluded that the written agreement was not properly executed by the defendant, that issue is not properly before us on certiorari.

[4] See, e.g., Victory Energy Operations, L.L.C. v. Rain CII Carbon, L.L.C., 2014 OK CIV APP 83, 335 P.3d 809 (released for publication by order of the Court of Civil Appeals) (Louisiana choice-of-law clause in parties' agreement applied); Beverly Enterprises-Texas. Inc. v. Devine Convalescent Care Center, 2012 OK CIV APP 16, 273 P.3d 890 (released for publication by order of the Court of Civil Appeals)(discussed mandatory and permissive forum-selection clauses); Howard Family Charitable Foundation, Inc. v. Trimble, 2011 OK CIV APP 85, 259 P.3d 850 (released for publication by order of the Court of Civil Appeals) (whether the forum selection clause comports with constitutional standards and public policy is one for determination by the trial court upon remand); Lively v. IJAM, Inc., 2005 OK CIV APP 29, 114 P.3d 487 (released for publication by order of the Court of Civil Appeals) (no evidence showed that a party agreed to a forum-selection clause in a post-contract invoice accompanying delivery of product where the clause materially altered the contract); Adams v. Bay, Ltd., 2002 OK CIV APP 117, 60 P.3d 509 (released for publication by order of the Court of Civil Appeals) (forum selection clause designating Nueces County, Texas, was not shown to be either unfair or unreasonable, and the order of dismissal in McClain County, Oklahoma, was affirmed); State ex rel. Fisher v. South Atlantic Dredging Co., Inc., 2000 OK CIV APP 123, 15 P.3d 523 (released for publication by order of the Court of Civil Appeals) (Oklahoma County action dismissed and order affirmed by appellate court when forum-selection clause designating "any other court in which such action might properly be brought" was construed as meaning a court with jurisdiction of both the subject matter and the parties; and defendants did not have sufficient minimum contacts for personal jurisdiction in Oklahoma); Barker Leasing, Inc. v. State Ins. Fund, 1995 OK CIV APP, 158, 910 P.2d 1102 (released for publication by order of the Court of Civil Appeals) (contractual venue choice of Oklahoma County for the State Insurance Fund and its Commissioner was not clearly unreasonable); Bakhsh v. JACRRC Enterprises, Inc., 1995 OK CIV APP 40, 895 P.2d 746 (released for publication by order of the Court of Civil Appeals) (parties to a contract may choose the jurisdiction in which all actions arising from their transaction shall be heard, and a selected forum in Dallas, Texas, was reasonable in the circumstances); Eads v. Woodmen of The World Life Insurance Society, 1989 OK CIV APP 19, 785 P.2d 328 (released for publication by order of the Court of Civil Appeals) (enforcement of the forum-selection clause was unfair and unreasonable in the particular circumstances).

[5] Carbajal v. Precision Builders, Inc., 2014 OK 62, n. 10. 333 P.3d 258, citing 12 O.S.Supp.2012 Ch. 15, App. Okla. Sup. Ct. R. 1.200(c)(2); Shaffer v. Jeffery, 1996 OK 47, n. 11, 915 P.2d 910, citing former 12 O.S.1991 Ch. 15, App. 2, Rule 1.203. See also former Supreme Court Rule 27, 12 O.S.1981 Ch. 15, App. 1, ("No opinion [of the Court of Appeals] so published shall have precedential effect but may be considered persuasive.").

[6] Coulter v. First American Resources, L.L.C., 2009 OK 53, ¶ 1, 214 P.3d 807, 808 (trial court committed error when it declined to enforce parties' contractual choice of arbitration venue); National Diversified Business Services, Inc. v. Corporate Financial Opportunities, Inc., 1997 OK 36, 946 P.2d 662, 667-668 (in the absence of an appeal from a dismissal for improper venue based upon a forum-selection clause, the ruling became final in the issue-preclusion sense).

[7] See, e.g., Excell, Inc. v. Sterling Boiler & Mechanical, Inc., 106 F.3d 318, 321 (10th Cir. 1997) (Forum-selection clauses "are frequently classified as either mandatory or permissive," where mandatory clauses contain clear language showing that jurisdiction is appropriate only in the designated forum, and permissive clauses authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere.). Cf. Philips v. Audio Active Ltd., 494 F.3d 378, 383 (2d Cir. 2007) (classifying a forum-selection clause as mandatory or permissive is one step in deciding whether the parties are required to bring a dispute to the designated forum or simply permitted to do so).

[8] Some courts have recognized a distinction between a forum-selection clause and a mere venue-selection clause. Hospah Coal Co. v. Chaco Energy Co., 673 F.2d 1161, 1163 (10th Cir.1982) ("The existence of a venue selection clause does not impose an absolute duty nor does it endow a party with an absolute right to have every dispute between the parties litigated in the named forum."); SBKC Serv. Corp. v. 1111 Prospect Partners, L.P., 105 F.3d 578, 582 (10th Cir.1997) ("Our interpretation of the myriad cases involving the issue leads us to the conclusion that term [forum selection clause] should be applied only to agreements which clearly confine litigation to specific tribunals to the exclusion of all others.") (explanatory phrase added).

[9] K & V Scientific Co., Inc. v. Bayerische Motoren Werke Aktiengesellschaft, 314 F.3d 494, 497 (10th Cir.2002), ("A motion to dismiss based on a forum selection clause frequently is analyzed as a motion to dismiss for improper venue under Fed.R.Civ.P. 12(b)(3)."), quoting Riley v. Kingsley Underwriting Agencies, Ltd., 969 F.2d 953, 956 (10th Cir.1992).

[10] Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009).

[11] Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas, ___ U.S. ___ , 134 S.Ct. 568, 579, 580, 187 L.Ed.2d 487 (2013) ("[28 U.S.C.] Section 1404(a) therefore provides a mechanism for enforcement of forum-selection clauses that point to a particular federal district." and "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of forum non conveniens").

[12] Atlantic Marine Construction Co., ___ U.S. ___, 134 S.Ct. at 578 (rejecting "petitioner's approach" that a forum-selection clause could make proper venue improper, and stating that: "The conclusion that venue is proper so long as the requirements of § 1391(b) are met, irrespective of any forum-selection clause, also follows from our prior decisions construing the federal venue statutes.").

[13] Atlantic Marine Construction Co., ___ U.S. ___, 134 S.Ct. at 579.

[14] A-Plus Janitorial & Carpet Cleaning v. Employers' Workers' Compensation Ass'n, 1997 OK 37, n. 52, 936 P.2d 916, 929 citing 12 O.S.1991 § 2012(B)(3).

12 O.S.2011 § 2012 provides in pertinent part: . . .

" . . . B. HOW PRESENTED. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . .

3. Improper venue; . . . ."

[15] Stevens v. Blevins, 1995 OK 6, 890 P.2d 936, 939 (emphasis and citation omitted).

[16] Just as we do not view the forum-selection clause as defeating the reach of Oklahoma venue statutes, we do not view the clause as defeating the jurisdiction of Oklahoma Courts. While personal and private rights may be waived, the law involving the power or structure of government may not be waived and subject matter jurisdiction may not be established by waiver, consent, or stipulation. State Insurance Fund v. JOA, Inc., 2003 OK 82, ¶ 7, 78 P.3d 534, 536. One author has stated that a contractual forum-selection clause is "a type of contractual waiver." Matthew J. Sorensen, Enforcement of Forum-Selection Clauses in Federal Court After Atlantic Marine, 82 Fordham L. Rev. 2521, 2550 (2014) (contending that: "The exclusive nature of the clause makes it a form of waiver, the intentional relinquishment or abandonment of a known right."). Thus, we do not view the matter presented by the Cochran Firm as one presenting a jurisdictional issue. See, e.g., Powertech Technology Inc. v. Tessera, Inc., 660 F.3d 1301, 1309-1310 (Fed. Cir. 2011), (explaining that in MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 135-136, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007), the Court stated that the issue of contract interpretation is a merits issue, and not appropriate for a decision on a motion to dismiss under Rule 12(b)(1)).

[17] Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas, ___ U.S. ___ , 134 S.Ct. 568, 580, 187 L.Ed.2d 487 (2013).

[18] Martinez v. Bloomberg LP, 740 F.3d 211, 216 (2d Cir. 2014) ("'neither the Supreme Court, nor this Court, has specifically designated a single clause of Rule 12(b) ... as the proper procedural mechanism' for enforcing a forum selection clause through a motion to dismiss. . . . The Supreme Court recently resolved this uncertainty in Atlantic Marine . . . [where] the Court held that generally 'the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of forum non conveniens,' rather than Rule 12(b).") (material omitted and quoting Trade Comet.com LLC v. Google, Inc., 647 F.3d 472, 475 (2d Cir. 2011) and citing Atlantic Marine, 134 S.Ct. at 580. Historically, the Second Circuit has allowed enforcement of forum-selection clauses by Rule 12(b) (1), (3) or (6) motions. Claire M. Specht, 12(b) What? Slater and Enforcing Forum Selection Clauses Through Dismissal, 53 B.C. L. Rev. E-Supplement 111, 117-118 (2012) (stating in 2012 that "Currently, the Second Circuit enforces forum selection clauses through Rule 12(b)(1), 12(b)(3), and 12(b)(6).").

[19] Maxwell J. Wright, Note, Enforcing Forum-Selection Clauses: An Examination of the Current Disarray of Federal Forum-Selection Clause Jurisprudence and a Proposal for Judicial Reform, 44 Loy. L.A. L. Rev. 1625, 1639-1642 (2011); Claire M. Specht, 12(b) What? Slater and Enforcing Forum Selection Clauses Through Dismissal, 53 B.C. L. Rev. E-Supplement 111, 115-118 (2012).

[20] Matthew J. Sorensen, Enforcement of Forum-Selection Clauses in Federal Court After Atlantic Marine, 82 Fordham L. Rev. 2521, 2549 (2014), citing Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas, 134 S.Ct. 568, at n.4, 580.

In Atlantic Marine Construction Co., supra, the Court also noted that if the issue is proper for a 12(b)(6) motion then the dispute "may lead to a jury trial on venue if issues of material fact relating to the validity of the forum-selection clause arise" 134 S.Ct. 568, at n.4, 580.

[21] Current § 140.3 of Title 12 is derived from Laws 2013, 1st Ex. Sess., c. 1 § 2 (eff. Sept.10, 2013, pursuant to § 3), and provides:

A. If the court, upon motion by a party or on the court's own motion, finds that, in the interest of justice and for the convenience of the parties, an action would be more properly heard in another forum either in this state or outside this state, the court shall decline to exercise jurisdiction under the doctrine of forum non conveniens and shall stay, transfer or dismiss the action.
B. In determining whether to grant a motion to stay, transfer or dismiss an action pursuant to this section, the court shall consider:
1. Whether an alternate forum exists in which the action may be tried;
2. Whether the alternate forum provides an adequate remedy;
3. Whether maintenance of the action in the court in which the case is filed would work a substantial injustice to the moving party;
4. Whether the alternate forum can exercise jurisdiction over all the defendants properly joined in the action of the plaintiff;
5. Whether the balance of the private interests of the parties and the public interest of the state predominate in favor of the action being brought in an alternate forum; and
6. Whether the stay, transfer or dismissal would prevent unreasonable duplication or proliferation of litigation.

[22] Current 12 O.S. §140.3 was previously codified at 12 O.S.2011 § 140.2. The dismissal in the trial court was filed on June 18, 2012. In Douglas v. Cox Ret. Props., Inc., 2013 OK 37, 302 P.3d 789) (No. 110,270, Court's decision June 4, 2013), mandate was issued July 1, 2013, and the Court held unconstitutional several statutes, one of which was § 140.2. We expressly decline to address whether a motion seeking relief pursuant to § 140.3 is similar to a motion seeking relief pursuant to the judicial doctrine of forum non conveniens or whether the § 140.3 motion is a 12 O.S. § 2012(B) motion.

[23] Federal Deposit Ins. Corp. v. Tidwell, 1991 OK 119, 820 P.2d 1338, 1341 (an adjudication of a plaintiff's cause of action must also adjudicate all defenses and interrelated counterclaims to that particular cause of action that were properly raised by the defendant).

[24] Coulter v. First American Resources, L.L.C., 2009 OK 53, 214 P.3d 807.

[25] Smith v. City of Stillwater, 2014 OK 42, § 13, 328 P.3d 1192, 1197-1198 ("Where not all claims appear to be frivolous on their face or without merit, dismissals for failure to state a claim upon which relief may be granted are premature."). See also Moneypenney v. Dawson, 2006 OK 53, ¶ 2, 141 P.3d 549, 551 (a motion to dismiss pursuant to § 2012 raising affirmative defense of statute of limitations should not be granted unless the face of the petition shows that the action time-barred).

[26] State ex rel. Bd. of Regents of University of Oklahoma v. Lucas, 2013 OK 14, nn.9 -10, 297 P.3d 378, 384 (explaining that a motion to dismiss based solely upon a jurisdictional ground is not converted to one for summary judgment by reliance upon matters outside the pleadings, but a § 2012(B)(6) motion is so converted when reliance is made upon matters outside the pleadings).

[27] In re Initiative Petition No. 397, State Question No. 767, 2014 OK 23, ¶ 39, 326 P.3d 496, 511. See Colton v. Huntleigh USA Corp., 2005 OK 46, ¶ 10, 121 P.3d 1070, 1073 (The burden to show any particular fact or claim rests upon the party asserting such fact or claim as part of that party's action or defense).

[28] Atlantic Marine Construction Co., ___ U.S. ___ , 134 S.Ct. 568, 581.

[29] Atlantic Marine Construction Co., ___ U.S. ___ , 134 S.Ct. 568, 581, n.6, quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241, n. 6, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) .

[30] Atlantic Marine Construction Co., ___ U.S. ___ , 134 S.Ct. 568, 581, n.6, quoting Piper Aircraft Co. 454 U.S. 235, 241, n. 6..

[31] Conoco, Inc. v. Agrico Chemical Co., 2004 OK 83, ¶ 11, 115 P.3d 829, 833, citing Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947), and St. Louis-San Francisco Ry. Co. v. Superior Court, 1954 OK 223, ¶ 23, 276 P.2d 773, 778.

After Gulf Oil, Congress enacted § 1404(a) to permit a change of venue between federal courts and these courts "were given more discretion to transfer under § 1404(a) than they had to dismiss on grounds of forum non conveniens." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 253, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).

[32] After our opinion in Conoco, Inc. v. Agrico Chemical Co., supra, our Legislature provided authority for a stay, transfer, or dismissal based upon forum non conveniens, now codified at 12 O.S. § 140.3. Application of that statute is not before us in this controversy.

[33] Atlantic Marine Construction Co., ___ U.S. ___ , 134 S.Ct. 568, 581,n.6, citing Norwood v. Kirkpatrick, 349 U.S. 29, 32, 75 S.Ct. 544, 99 L.Ed. 789 (1955).

[34] Conoco, Inc. v. Agrico Chemical Co., 2004 OK 83, at ¶ 11, 115 P.3d at 833 ("The forum non conveniens criteria consider private and public interests.").

[35] Atlantic Marine Construction Co., ___ U.S. ___ , 134 S.Ct. 568, 581 (internal quotation marks deleted).

[36] Conoco, Inc. v. Agrico Chemical Co., 2004 OK 83, ¶ 11, 115 P.3d at 833, citing Gulf Oil Corporation v. Gilbert, 330 U.S. at 508.

[37] Atlantic Marine Construction Co., ___ U.S. ___ , 134 S.Ct. 568, 581.

[38] Atlantic Marine Construction Co., ___ U.S. ___ , 134 S.Ct. 568, 581-582.

[39] See, e.g., Kelly A. Blair, A Judicial Solution to the Forum-Selection Clause Enforcement Circuit Split: Giving Erie a Second Chance, 46 Ga. L. Rev. 799, 830 (2012), quoting Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974) (" . . . the Court found that an arbitration agreement contained within a larger contract is actually "a specialized kind of forum-selection clause that posits not only the situs of suit but also the procedure to be used in resolving the dispute.").

[40] See, e.g., Intercall Telecommunications, Inc. v. Instant Impact, Inc., 376 F.Supp.2d 155 (D.P.R.2005) ("Courts must distinguish between challenges to the validity of the underlying contract on the one hand, and to the validity of the forum selection clause in particular, on the other. Under the purview of this separability doctrine, a forum selection clause is deemed to be separate from, and independent of, the contract containing it.")

[41] Greater Oklahoma City Amusements, Inc. v. Moyer, 1970 OK 213, 477 P.2d 73, 75 (quoting a legal encyclopedia).

[42] Greater Oklahoma City Amusements, Inc. v. Moyer, 1970 OK 213, 477 P.2d at 75-76.

[43] In Preston v. Ferrer, 552 U.S. 346, 349, 128 S.Ct. 978, 169 L.Ed.2d 917 (2008), the Court stated that "when parties agree to arbitrate all disputes arising under their contract, questions concerning the validity of the entire contract are to be resolved by the arbitrator in the first instance, . . . ." and this is "distinct from attacks on the validity of the arbitration clause itself . . . ." Nitro-Lift Technologies, L.L.C. v. Howard,133 U.S. 500, 133 S.Ct. 500, 503, 184 L.Ed.2d 328 (2012). See also Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63, 70, 130 S.Ct. 2772, 177 L.Ed.2d 403 (2010) (noting two types of "validity challenges," one on the validity of an agreement to arbitrate and one challenging the contract as a whole).

[44] State ex rel. Wright v. Oklahoma Corp. Comm'n, 2007 OK 73, ¶ 48, 170 P.3d 1024, 1039.

[45] 12 O.S.2011 § 2010(C): " A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."

[46] Gaylord Entertainment Co. v. Thompson, 1998 OK 30, ¶ 4, n. 10, 958 P.2d 128, 136.

[47] 15 O.S.2011 § 2: "It is essential to the existence of a contract that there should be: 1. Parties capable of contracting. 2. Their consent. 3. A lawful object; and, 4. Sufficient cause or consideration."

[48] Sides v. John Cordes, Inc., 1999 OK 36, ¶ 14, 981 P.2d 301, 306 ("A prima facie case is made out by that quantum of proof which, if unexplained or uncontradicted, is sufficient to establish a given fact and to uphold a judgment in favor of the issue which it supports, but which may be refuted by other evidence."); Beville v. Curry, 2001 OK 1, ¶ 1, 39 P.3d 754 (trial court's order granting defendants' motion for summary judgment was affirmed on appeal because plaintiff failed to refute defendants' prima facie showing that they were entitled to judgment).

[49] Cf. Gomes v. Hameed, 2008 OK 3, ¶ 18, 184 P.3d 479, 485 (generally, the question of whether the minds of parties ever met in complete agreement is a question of fact for the finder of fact).

[50] Kordis v. Kordis, 2001 OK 9, ¶ 13, 37 P.3d 866, 871 ("... the right to a hearing on a motion for summary judgment is governed by Rule 13 and not Rule 4(h)"). See Rule 13, 12 O.S.2011, Ch. 2, App.1. (amended by In re Amendments to Oklahoma Supreme Court Rules, 2013 OK 68, June 14, 2013; eff. August 1, 2013) (amending both the Uniform Rules for District Courts, 2013 WL 3289131, and the Oklahoma Supreme Court Rules, 2013 WL 3729211).

[51] The judgment granting dismissal states that "The Court further finds that enforcement of the mandatory forum selection provision would not be unfair or unreasonable under the circumstances." Journal Entry of Judgment, at p.2.

[52] Tulsa Indus. Authority v. City of Tulsa, 2014 OK 81, ¶ 13, 336 P.3d 1016, 1019 ("This Court, as an appellate tribunal, does not make first-instance rulings.").

[53] Dyke v. Saint Francis Hosp., Inc., 1993 OK 114, 861 P.2d 295, n. 6, 298-299 ("If rules of procedure work as they should in an honest and fair judicial system, they not only permit, but should as nearly as possible guarantee that bona fide complaints be carried to an adjudication on the merits.").

[54] Title 15, Section 211 of the Oklahoma Statutes makes unlawful, and thus unenforceable, contracts which are (1) "[c]ontrary to an express provision of law;" (2) "[c]ontrary to the policy of express law, though not expressly prohibited; or" (3) "[o]therwise contrary to good morals." See Hamilton v. Cash, 1939 OK 255, 91 P.2d 80, 81 (a contract will not be enforced when contrary to the public policy of the State).

[55] Groendyke Transport, Inc.v. Cook, 1979 OK 59, 594 P.2d 369, 372.

[56] Atlantic Marine Construction Co., ___ U.S. ___ , 134 S.Ct. 568, 582.

[57] Norris v. Van Hendel, 1945 OK 249, 63 P.2d 217, 220. See also In re Kaufman, 2001 OK 88, ¶ 18, 37 P.3d 845, 854; (Our power to void a contract as being in contravention of public policy is delicate and undefined. We exercise it only in cases free from doubt.); Horn v. Gibson, 1909 OK 174, ¶ 0, 103 P. 563, 563 (Syllabus by the Court) (The party seeking to void a contract bears the burden of proving that the contract violates public policy.).

[58] We decline to address whether Tucker's allegations of fact are sufficient to put at issue his consent to the forum-selection clause. The issue appears to have been raised by Defendant in its reply to Tucker's response when it cited Allis Chalmers Mfg. Co. v. Byers, 1939 OK 115, 88 P.2d 368, for the proposition that one who executes a contract is presumed to have understood its contents. However, because we remand the proceeding we need not address whether any law or facts are a required predicate to apply Allis in a controversy, or its exceptions, or other principles of contract law on this issue.

[59] First Nat'l Bank in Durant v. Honey Creek Entertainment Corp., 2002 OK 11, ¶ 12, 54 P.3d 100, 104 ("Fraud vitiates everything it touches, and a contract obtained thereby is voidable. And evidence is always admissible to show that contracts have been fraudulently obtained.") Cf. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29, n.7, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (federal courts sitting in admiralty generally should enforce forum-selection clauses absent a showing that to do so would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching).

In Scherk v. Alberto-Culver Co., 417 U.S. 506, n. 14, 519, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974), the Court distinguished between fraud relating to a contract as a whole and fraud relating to a forum-selection clause: "...a forum-selection clause in a contract is not enforceable if the inclusion of that clause in the contract was the product of fraud or coercion."

[60] Rogers v. Dell Computer Corp., 2005 OK 51, ¶ 31, 138 P.3d 826, 833.

[61] St. Louis-San Francisco Ry. Co. v. Superior Court of Creek County, 290 P.2d 118, 120 ("It is apparent that if a trial court should sustain a motion to dismiss on the grounds of forum non conveniens and dismiss the action, the plaintiff could appeal therefrom and thus obtain a review of the trial court's action, since such order on the part of the trial court would constitute a final order as defined by 12 O.S.1951 § 953.").

The Court has stated that it may exercise original jurisdiction to review an order denying a motion to dismiss based upon the judicial doctrine of forum non conveniens because the defendant has no adequate remedy at law by which to obtain review because such an order does not constitute a final order and is not appealable as a matter of right. Groendyke Transport, Inc. v. Cook, 1979 OK 59, 594 P.2d 369, 372. See also St. Louis-San Francisco Ry. Co., 290 P.2d at 118, 120 ("... an order overruling a motion to dismiss on the grounds of forum non conveniens would not constitute a final order within the terms of the statute and would not be an appealable order.").

[62] 12 O.S.2011 Ch. 15, App. 1, Okla. Sup. Ct. R. 1.36 states in part: "The Rule 1.36 accelerated procedure will govern appeals from: 1. summary judgments in cases in which the motions were filed under District Court Rule 13 after October 1, 1993; and 2. final orders in cases in which motions to dismiss for failure to state a claim or lack of jurisdiction (of a person or subject matter) under District Court Rule 4 were filed after October 1, 1993."

[63] Brooks v. Baltz, 2000 OK 73, ¶ 6, 12 P.3d 467, 469 ("Fundamental fairness cannot be afforded except within a framework of orderly procedure, and that fairness includes giving notice of certain judicial events altering legally cognizable rights." ).

[64] See, e.g., Wood v. Mercedes-Benz of Oklahoma City, 2014 OK 68, ¶ 4, 336 P.3d 457, 459 (When examining an order sustaining summary judgment, this Court determines whether the record reveals disputed material facts; and even when basic facts are undisputed, whether motions for summary judgment should be denied, if from the evidence, reasonable persons might reach different inferences or conclusions.).

 





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1989 OK CIV APP 19, 785 P.2d 328, 61 OBJ 257, Eads v. Woodmen of the World Life Insurance Society
Discussed
 2000 OK CIV APP 123, 15 P.3d 523, 71 OBJ 3279, STATE ex. rel. FISHER v. SOUTH ATLANTIC DREDGING CO., INC.
Discussed
 1995 OK CIV APP 40, 895 P.2d 746, 66 OBJ 1870, Bakhsh v. JACRRC Enterprises, Inc.
Discussed at Length
 2002 OK CIV APP 117, 60 P.3d 509, ADAMS v. BAY, LTD.
Discussed
 1995 OK CIV APP 158, 910 P.2d 1102, 67 OBJ 427, Barker Leasing, Inc. v. State Ins. Fund
Cited
 2005 OK CIV APP 29, 114 P.3d 487, LIVELY v. IJAM, INC.
Discussed
 2011 OK CIV APP 85, 259 P.3d 850, HOWARD FAMILY CHARITABLE FOUNDATION, INC. v. TRIMBLE
Discussed
 2012 OK CIV APP 16, 273 P.3d 890, BEVERLY ENTERPRISES-TEXAS, INC. v. DEVINE CONVALESCENT CARE CENTER
Discussed
 2014 OK CIV APP 83, VICTORY ENERGY OPERATIONS, L.L.C. v. RAIN CII CARBON, L.L.C.
Cited
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1939 OK 115, 88 P.2d 368, 184 Okla. 475, ALLIS CHALMERS MFG. CO. v. BYERS
Discussed
 1939 OK 255, 91 P.2d 80, 185 Okla. 249, HAMILTON v. CASH
Discussed
 1991 OK 119, 820 P.2d 1338, 62 OBJ 3541, Federal Deposit Ins. Corp. v. Tidwell
Discussed
 2001 OK 1, 39 P.3d 754, 72 OBJ 2929, BEVILLE v. CURRY
Discussed
 1993 OK 114, 861 P.2d 295, 64 OBJ 2864, Dyke v. Saint Francis Hosp., Inc.
Discussed
 1997 OK 36, 946 P.2d 662, 68 OBJ 1167, National Diversified Business Services, Inc. v. Corporate Financial Opportunities, Inc.
Discussed
 1997 OK 37, 936 P.2d 916, 68 OBJ 1266, A-Plus Janitorial & Carpet Cleaning v. Employers' Workers' Compensation Assoc.
Discussed
 1954 OK 223, 276 P.2d 773, ST. LOUIS-SAN FRANCISCO RY. CO. v. SUPERIOR COURT
Discussed
 1955 OK 111, 290 P.2d 118, ST. LOUIS-SAN FRANCISCO RY. CO. v. SUPERIOR COURT
Cited
 1945 OK 249, 163 P.2d 217, 196 Okla. 164, NORRIS v. VAN HANDEL
Cited
 2001 OK 88, 37 P.3d 845, 72 OBJ 3061, IN RE: KAUFMAN
Discussed
 2001 OK 99, 37 P.3d 866, 72 OBJ 3420, KORDIS v. KORDIS
Cited
 1909 OK 174, 103 P. 563, 24 Okla. 481, HORN v. GIBSON
Discussed
 2002 OK 11, 54 P.3d 100, 73 OBJ 560, FIRST NATIONAL BANK IN DURANT v. HONEY CREEK ENTERTAINMENT CORP.
Discussed
 2000 OK 73, 12 P.3d 467, 71 OBJ 2578, BROOKS v. BALTZ
Discussed
 1995 OK 6, 890 P.2d 936, 66 OBJ 483, Stevens v. Blevins
Discussed
 1970 OK 213, 477 P.2d 73, GREATER OKLAHOMA CITY AMUSEMENTS, INC. v. MOYER
Discussed at Length
 2003 OK 82, 78 P.3d 534, STATE ex rel. STATE INSURANCE FUND v. JOA, INC.
Discussed
 2004 OK 83, 115 P.3d 829, CONOCO INC. v. AGRICO CHEMICAL COMPANY
Discussed at Length
 2005 OK 46, 121 P.3d 1070, COLTON v. HUNTLEIGH USA CORP.
Discussed
 2005 OK 51, 138 P.3d 826, ROGERS v. DELL COMPUTER CORPORATION
Discussed
 2006 OK 53, 141 P.3d 549, MONEYPENNEY v. DAWSON
Discussed
 1996 OK 47, 915 P.2d 910, 67 OBJ 1193, Shaffer v. Jeffery
Discussed
 2007 OK 73, 170 P.3d 1024, STATE ex rel. WRIGHT v. OKLAHOMA CORPORATION COMMISSION
Discussed
 2008 OK 3, 184 P.3d 479, GOMES v. HAMEED
Discussed
 2009 OK 53, 214 P.3d 807, COULTER v. FIRST AMERICAN RESOURCES, L.L.C.
Discussed at Length
 2013 OK 14, 297 P.3d 378, STATE ex rel. BOARD OF REGENTS OF THE UNIVERSITY OF OKLAHOMA v. LUCAS
Discussed
 2013 OK 37, 302 P.3d 789, DOUGLAS v. COX RETIREMENT PROPERTIES, INC.
Discussed at Length
 2013 OK 68, IN RE AMENDMENTS TO OKLAHOMA SUPREME COURT RULES
Cited
 2014 OK 23, 326 P.3d 496, IN RE: INITIATIVE PETITION NO. 397, STATE QUESTION NO. 767
Discussed
 2014 OK 42, SMITH v. CITY OF STILLWATER
Cited
 2014 OK 62, CARBAJAL v. PRECISION BUILDERS, INC.
Cited
 2014 OK 68, WOOD v. MERCEDES-BENZ OF OKLAHOMA CITY
Cited
 2014 OK 81, TULSA INDUSTRIAL AUTHORITY v. CITY OF TULSA
Cited
 1979 OK 59, 594 P.2d 369, GROENDYKE TRANSPORT, INC. v. COOK
Discussed at Length
 1998 OK 30, 958 P.2d 128, 69 OBJ 1404, GAYLORD ENTERTAINMENT CO. v. THOMPSON
Discussed
 1999 OK 36, 981 P.2d 301, 70 OBJ 1445, Sides v. John Cordes, Inc.
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 19, Repealed by Laws 2013, 1st Extr. Sess., SB 1, c. 12, § 1
Discussed
 12 O.S. 140.2, Repealed by Laws 2013, 1st Extr. Sess., HB 1003, c. 1, § 1, emerg. eff. September 10, 2013
Cited
 12 O.S. 140.3, Stay, Transfer, or Dismissal of an Action Under Forum Non Conveniens
Discussed at Length
 12 O.S. 953, Final Order Defined
Discussed
 12 O.S. 1031.1, Authorization to Correct, Open, Modify or Vacate Judgments - Time - Notice - Costs
Cited
 12 O.S. 2010, Form of Pleadings
Cited
 12 O.S. 2012, Defenses and Objections - When and How Presented - By Pleading or Motion
Discussed at Length
Title 15. Contracts
 Cite
Name
Level

 15 O.S. 2, Essential Elements of Contract
Cited
 15 O.S. 211, Unlawful Contracts
Cited
 15 O.S. 751, Short Title
Cited